acm

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,      )
           )
      Plaintiff,           )
           )
vs.           )      Case No.  02-40137-JAR-01
           )             05-3143-JAR
OMAYRA RIVERA,           )
           )
      Defendant/Petitioner.      )
_____)

## MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255

Defendant/Petitioner Omayra Rivera filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  (Doc. 96.)  Petitioner asserts six grounds for relief arguing that: (1) her conviction was obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled; (2) her conviction was obtained by a guilty plea which was unlawfully induced or not voluntarily; (3) her conviction was obtained by insufficient evidence to support her conviction under 21 U.S.C. § 841 (a)(1); (4) her sentence violated the Sixth Amendment under *United States v. Booker*;[1] (5) her counsel provided ineffective assistance; and (6) the prosecutor engaged in misconduct. Because the Court finds that petitioner is not entitled to relief on any of these grounds, her habeas petition is denied.

---

[1] 543 U.S. __, 125 S. Ct. 738, 2005 WL 50108 (2005).

1

## I.  Procedural Background

On January 5, 2004, petitioner pleaded guilty to one count of a four-count Indictment charging her with possession of approximately five kilograms of cocaine with intent to distribute. Petitioner signed a plea agreement stating that she understood she faced a mandatory minimum sentence of ten years for the offense of conviction.  It further stated that she understood "that the sentence to be imposed will be determined solely by the United States District Judge.  The United States cannot and has not made any promise or representation as to what sentence the defendant will receive."  Under the plea agreement, the parties agreed that the amount of cocaine that should be attributed to the defendant's possession was approximately five kilograms.  The plea agreement included a waiver of appeal and collateral attack.  It stated that petitioner "waives any right to challenge a sentence or otherwise attempt to modify or change her sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)]."  Attached to the plea agreement is a Petition to Enter Plea, signed by the petitioner, which attested that the plea is made freely and voluntarily and that petitioner understands the maximum sentence that may be imposed based on her plea.

At the plea hearing, petitioner stated on the record that she did not receive any "promises or assurances" that would have induced her into signing the plea agreement, other than what was contained in the agreement itself.  She assured the Court that the decision to plead guilty was made voluntarily of her own free will.  After the government read the factual basis for the plea, the Court asked petitioner if she agreed that the summation provided by the government was the evidence that the

2

government would be presenting against petitioner if her case were to go to trial.  She stated on the record that it was.  Further, the Court asked petitioner if she agreed that she was in possession of approximately five kilograms of cocaine as charged in the Indictment.   Petitioner stated that she agreed with these facts, including her possession of approximately five kilograms of cocaine.  In addition, the Court explained to petitioner that for sentencing purposes, the Court may consider the quantity of drugs as charged in the count to which the defendant pleaded guilty.  Additionally, the Court explained to petitioner that it may also consider at sentencing other quantities of drugs for which the defendant was not charged.  The Court explained that for sentencing purposes, the Court could attribute these other quantities to the defendant, if supported by reliable and accurate information.  Petitioner stated on the record that she understood.  Further, the Court asked petitioner twice if she understood that her plea agreement included a paragraph stating that she waived her right to appeal her sentence except under certain circumstances.  Petitioner twice stated on the record that she understood that the plea agreement included a waiver of appeal from the sentence unless the Court departed upward from the United States Sentencing Guideline ("Guidelines") sentencing range.

Petitioner's sentencing hearing was held on April 5, 2004.  No written or oral objections were made at the hearing.  The Court assigned petitioner an offense level of 29 with a criminal history category of I.  Under the Guidelines, the applicable sentencing range was 87-108 months.  The Court sentenced petitioner to 87 months of imprisonment.  Petitioner now asks the Court to vacate this sentence, asserting six different grounds for relief.

## II.  Analysis

The Court will first address whether petitioner waived the right to collaterally attack her

sentence under section 2255 by knowingly and voluntarily entering her plea of guilty.  The Court will then address petitioner's other grounds for relief.  Under 28 U.S.C. § 2255, the Court is required to conduct an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[2]  The Court determines that the motion and files of this case are conclusive in showing that this petitioner is not entitled to relief on the grounds asserted in her motion.

A.      *Waiver of the Right to Collaterally Attack Sentence*

In this case, petitioner entered into a plea agreement with a provision waiving her right to collaterally attack her sentence.  The Court will hold a defendant and the government to the terms of a lawful plea agreement.[3]  Therefore, a knowing and voluntary waiver in a plea agreement of the right to collaterally attack a sentence under section 2255 is generally enforceable.[4]  The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his (or her) rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.[5]

1. *Scope of the Waiver*

In determining whether the disputed issue falls within the scope of the waiver, the Court begins

---

[2]*United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000), *cert. denied*, 532 U.S. 943 (2001) (internal quotation and citation omitted).

[3]*United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004).

[4]*United States v. Cockerham*, 237 F.3d 1179, 1181-83 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002).

[5]*United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

with the plain language of the plea agreement.[6]  The plea agreement is construed "according to contract principles and what the defendant reasonably understood when he entered his plea."[7]  The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant.[8]  As described above, petitioner's plea agreement contained a provision waiving her right to appeal and collaterally attack her sentence.  The scope of this waiver unambiguously includes the right to collaterally attack, by way of a section 2255 motion, any matter in connection with her prosecution, conviction, and sentence.  This includes all of the arguments that petitioner now raises in her petition.

### 2. Knowing and Voluntary Waiver

Petitioner's waiver is enforceable when it is explicitly stated in the plea agreement, and when the plea and waiver are both made knowingly and voluntarily.[9]  When determining whether a waiver of appellate rights was knowing and voluntary, the Court must examine the specific language of the plea agreement and assess the adequacy of the Federal Rule of Criminal Procedure 11 colloquy.[10]  Here, the waiver is explicitly stated in the written plea agreement, and petitioner's statements at the plea hearing show that the waiver was made both knowingly and voluntarily.  At the plea hearing, the Court twice explained to petitioner that her plea agreement contained the waiver.  Petitioner twice stated on the record that she understood that the plea agreement included this waiver.  Petitioner also stated on the record that her decision to plead guilty was made voluntarily of her own free will.  Further, she

---

[6]*United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004).

[7]*Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted).

[8]*Hahn*, 359 F.3d at 1343.

[9]*Cockerham*, 237 F.3d at 1183.

[10]*Hahn*, 359 F.3d at 1325.

stated that she did not receive any promises or assurances that would have induced her into signing the agreement, other than what was contained in the agreement itself.  Petitioner is "bound by [her] solemn declarations in open court" which contradict the statements in her motion that she was coerced into accepting the plea agreement.[11]   Therefore, the language of the plea agreement and the statements made by petitioner during the plea colloquy establish that petitioner's waiver of her rights was given knowingly and voluntarily.

### 3.  Miscarriage of Justice

Finally, the Court must "determine whether enforcing the waiver will result in a miscarriage of justice."[12]  This test is met only if: (1) the district court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from an error that seriously affects the fairness, integrity, or public reputation of judicial proceedings.[13]  The defendant bears the burden of demonstrating that the waiver results in a miscarriage of justice.[14]  In this case, petitioner's sentence was not unlawful, and the sentence fell at the low end of the Guideline range.  Petitioner's only plausible argument is that she received ineffective assistance of counsel.

A plea agreement waiver of post-conviction rights "does not waive the right to bring a §2255

---

[11]*Lasiter v. Thomas*, 89 F.3d 699, 703 (10th Cir. 1996), *cert. denied*, 519 U.S. 998 (1996).

[12]*Hahn*, 359 F.3d at 1327.

[13]*Id.*

[14]*United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

petition based on ineffective assistance of counsel claims challenging the validity of the plea or waiver."[15]   In order to survive the waiver, (1) there must be a basis for a claim of ineffective assistance of counsel, and (2) the ineffectiveness claim must pertain to the validity of the plea.[16]   "Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside this category are waivable."[17]   Petitioner contends that she received ineffective assistance of counsel in that: (1) counsel failed to have her present during the grand jury hearing; (2) counsel failed to attack the Presentence Investigation Report (PSIR) where points were misapplied; and (3) counsel failed to dispute the amount of drugs attributed to petitioner.

Petitioner's first ineffective assistance claim clearly does not relate to the validity of the plea, but instead involves grand jury proceedings.   Therefore, petitioner waived the right to bring this challenge. However, even if petitioner's argument had not been waived, petitioner's claim would fail because she has no right to be present during grand jury proceedings.[18]   Because petitioner's first ineffective assistance claim does not relate to the validity of the plea agreement and waiver, she has waived the right to assert it in collateral proceedings "so long as [s]he knowingly and voluntarily entered the plea and made the waiver."[19]   After reviewing the plea proceedings as described above, the Court finds that

---

[15]*United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

[16]*Id.*

[17]*Id.*

[18]*See* Fed. R. Crim. P. 6(d)(1) (listing persons who may be present while the grand jury is in session and excluding the accused.  "The following persons may be present while the grand jury is in session: attorneys for the government, the witness being questioned, interpreters when needed, and a court reporter or an operator of a recording device.").

[19]*Cockerham*, 237 F.3d at 1188.

petitioner's plea and waiver were knowing and voluntary, and in this habeas action she has failed to point to any evidence in the record supporting the contrary conclusion. Therefore, this claim is denied.

Petitioner's second allegation of ineffective assistance–that counsel failed to attack the misapplication of points in the PSIR–is too vague to provide petitioner with relief. Petitioner does not explain how these points were misapplied; she simply does not substantiate this bare allegation. To the extent petitioner complains about a two point enhancement to her sentencing calculation, she cannot raise an ineffective assistance of counsel claim because this enhancement reflects the factual and evidentiary basis of the offense to which she pleaded guilty.

In order to succeed on a claim of ineffective assistance of counsel, petitioner must meet the two-prong test set forth in *Strickland v. Washington*.[20]  Under that test, petitioner must first show that counsel's performance was deficient because it "fell below an objective standard of reasonableness."[21] Second, she must show that counsel's deficient performance actually prejudiced her defense.  "In the context of a guilty plea, the prejudice prong requires a defendant to show that 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[22]  Here, two points were added to petitioner's sentencing calculation for an obstruction of justice charge.[23]  In her plea agreement, petitioner stipulated to the addition of these two points because she admittedly testified

---

[20]466 U.S. 668 (1984).

[21]*Id.* at 688.

[22]*United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

[23]These two points were the only enhancements made to petitioner's sentencing calculation.

8

falsely at a motions hearing in this case.  In exchange for this stipulation, the government dismissed

Count 4 of the Superseding Indictment which charged petitioner with obstructing justice for testifying

falsely at the motions hearing.  Petitioner cannot show that her counsel's performance was unreasonable

in failing to object to the addition of these points.  Petitioner was advised at the plea hearing that her

plea agreement contained a provision stating that she would agree to the two point enhancement in

exchange for the government's dismissal of Count 4.  Petitioner stated on the record that she agreed

with the government's summary of this provision.  As previously discussed, petitioner entered into this

agreement knowingly and voluntarily.  It was not unreasonable for her counsel to fail to object to the

addition of these two points when petitioner herself stipulated to the enhancement in a voluntary plea

agreement.

Petitioner's third ineffective assistance claim–that counsel failed to dispute the quantity of

drugs–also describes the results of the plea agreement.  Petitioner's counsel did not dispute the quantity

because petitioner relinquished the right to do so when she entered into the plea agreement.  By signing

the agreement, the parties agreed to the facts constituting the offense including the amount of cocaine

found in the petitioner's possession.  At the plea hearing, petitioner agreed to the government's factual

basis for the guilty plea stated in the plea agreement.  She even stated on the record that she agreed that

she committed these acts, including possessing approximately five kilograms of cocaine.  The fact that

counsel acted consistently with the provisions of the plea agreement in no way indicates that counsel's

performance was unreasonable when petitioner herself admitted to the quantity of the drugs in a

knowing and voluntary plea agreement.

Therefore, the Court finds that petitioner's ineffective assistance claims fail, and she is not

9

entitled to habeas relief on this ground.  Further, the Court denies petitioner's other claims for

relief–including her arguments that the grand jury was unconstitutionally selected and impaneled; that

there was insufficient evidence to support her conviction; and that the prosecutor engaged in

misconduct.  The Court finds that these arguments fall within the scope of the waiver entered into by the

petitioner because such arguments are not based on ineffective assistance of counsel claims to bring

them outside of the waiver based on *Cockerham*.  Additionally, denial of these arguments will not

result in a miscarriage of justice as prohibited by *Hahn*.

## B.     *Retroactivity of Booker*

Because petitioner's plea agreement contained a waiver of appeal and collateral attack and

because the Court is assured through its colloquy with petitioner at the time of the plea that her waiver

was freely, voluntarily and intelligently made, petitioner has waived the right to collaterally attack her

sentence based on *Booker*.[24]  Regardless of her waiver, petitioner would still be precluded from

bringing her *Booker* challenge.  The Tenth Circuit has recently held that *Booker* does not have

retroactive application to cases on collateral review.[25]  Therefore, *Booker* does not retroactively apply

to petitioner's case, as her conviction is now final and on collateral review.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Motion Under 28

---

[24]*See United States v. Hogan*, No. 00-4004-01-SAC, 2005 WL 2105969, at *2 (D. Kan. Aug. 31, 2005) (denying defendant's *Booker* challenge on a section 2255 motion because such challenge was within the scope of the waiver in his plea agreement); *see also United States v. Verduzco-Morett*, 143 Fed. Appx. 100, 101 (10th Cir. 2005) (holding that defendant's waiver of his right to appeal under his plea agreement precludes him from appealing his sentence based on *Booker* because such an argument is within the scope of his waiver).

[25]*United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005).  Other circuits have reached the same conclusion that *Booker* does not retroactively apply to cases on collateral review.  *See, e.g.*, *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608, 610 (3d Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 142 (2d Cir. 2005).

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 96) is **DENIED**.

IT IS SO ORDERED.

Dated this 16th day of November 2005.


 S/ Julie A. Robinson
**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**

Memorandum and Order Denying Motion Under 28 U.S.C. § 2255, *United States v. Rivera*, Case No. 02-40137-JAR-01, 05-3143-JAR.